*Barron v. Menard*, 46-1-16 Wncv (Teachout, J., May 11, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**CIVIL DIVISION**
**Docket No. 46-1-16 Wncv**

**DAVID BARRON**
    **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections, et al.**
    **Defendants**

### DECISION
### Cross-Motions for Summary Judgment

Plaintiff David Barron, a Vermont inmate housed in a Michigan facility at all times relevant to this case, claims that the Department of Corrections has substantially burdened his sincerely held religious beliefs in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc–2000cc-5 (RLUIPA). Following earlier proceedings geared towards more particularly identifying the claimed violation, the parties have filed cross-motions for summary judgment. The State's motion is supported by a statement of undisputed facts complying with Rule 56(c). Mr. Barron has neither shown that any of those facts are genuinely disputed nor supported his own motion with a statement of facts complying with Rule 56.

RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>     (1) is in furtherance of a compelling governmental interest; and
>     (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Under RLUIPA, the initial burden is on Mr. Barron to show that the DOC has refused to accommodate his sincerely held religious belief with an exception from the policy or practice that otherwise substantially burdens it. See *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015); see also *id*. at 860 (noting that "RLUIPA . . . allows prisoners '*to seek religious accommodations* pursuant to the same standard as set forth in RFRA'" (emphasis added)). If Mr. Barron can satisfy that showing, then the burden shifts to the State to show that enforcing its policy is the least restrictive means of furthering its compelling governmental interest.

A prisoner may seek a religious accommodation informally, of course, but if he is going to sue, he must first preserve the request for an accommodation in the course of exhausting his

administrative remedies. "[T]o properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'" *Pratt v. Pallito*, 2017 VT 22, ¶ 16. It is not enough under RLUIPA to show that the facility has some policy that is incongruent with a prisoner's religious beliefs. To shift the burden to the State, the prisoner must show that the facility refused to make an exception to that policy after a specific and clear request for it. In this context, that request must be the subject of an exhausted administrative grievance.

Mr. Barron is a Wicca practitioner. As explained in the court's earlier decisions, his complaints about his ability, or inability, to practice Wicca as he likes in prison have been evolving and expansive. For summary judgment purposes, the State assumes that his religious beliefs are sincerely held. It argues, however, that he has failed to come forward with any evidence of a substantial burden on his religious beliefs insofar as he failed to articulate any clear and specific request for accommodation in his administrative grievance.

The court determined in its July 28, 2017 decision that the accommodation request that Mr. Barron raised administratively sufficiently to be considered here related to "religious observance in food" or "religious feasts." As the summary judgment record shows, to the extent the food issue related to processed meats, vegetarian meals were available. To the extent that religious feasts implied religiously like-minded inmates celebrating a specific holiday and eating a meal together, that was permitted. To be sure, there is evidence of other policies relating to food the enforcement of which, without accommodation, might burden one's sincerely held religious beliefs. However, there is no clear and specific request for an accommodation from any such policy in the summary judgment record. The mere references to "religious observance in food" and "religious feasts" are too vague to shift the burden to the State to show that enforcement of its policy was the least restrictive means of furthering a compelling governmental interest. Without a clear and specific request to accommodate, and a responsive refusal to provide that accommodation, the State has no way to defend—there is no way to know what policy and governmental interests are at issue. This is insufficient for summary judgment.

ORDER

For the foregoing reasons, Mr. Barron's motion for summary judgment is denied; the State's motion is granted.

Dated at Montpelier, Vermont this ____ day of May 2018.

_____
Mary Miles Teachout
Superior Judge